IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-03161-RBJ-KLM

FRANK P. DENETCLAW, JR.,

    Plaintiff,

v.

TOTAL LONGTERM CARE,

    Defendant.

_____

**RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

This matter is before the Court on **Defendant's Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6) and 12(b)(1)** [Docket No. 10; Filed January 26, 2012] (the "Motion"). The Motion is referred to this Court for disposition. *See* [## 12, 13]. Plaintiff did not timely respond, thus the Court issued an Order to Show Cause on June 7, 2012 [#14]. Plaintiff responded to the Order to Show Cause on June 12, 2012 [#15], and submitted a second letter presumably in response to the Motion on June 19, 2012 [#18]. In light of Plaintiff's *pro se* status, the Court construes both letters as a response in opposition to the Motion. For the reasons stated below, the Court respectfully recommends that the Motion be **GRANTED**.

**I. Background**

Plaintiff initiated this lawsuit *pro se* on December 6, 2011, pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-5. [#1]. In his Title VII Complaint, which is the

operative pleading, Plaintiff alleges that Defendant, his former employer, unlawfully terminated his employment as a retaliatory act. *See id.* The Complaint is not a model of clarity; however, the Court discerns that Plaintiff was a driver for Defendant, which is a care facility for elderly and ill individuals. On August 4, 2010, a patient who Plaintiff was transporting fell out of her wheelchair in the vehicle, and Plaintiff did not call 911, Defendant's dispatcher, or his supervisor when the fall occurred. Defendant issued a "Corrective Action Record" regarding the incident, which Plaintiff contested. *See id.* at 17-18. Plaintiff's employment with Defendant was subsequently terminated on an unidentified date, and Plaintiff filed a charge with the U.S. Equal Employment Opportunity Commission ("EEOC") in Phoenix, Arizona. *See id.* at 10. The EEOC issued a "Notice of Suit Rights," which is dated July 20, 2011. *Id.* Plaintiff requests reinstatement, back pay, and an apology as relief. *Id.* at 6.

Defendant responded to the Complaint with the instant Motion. *See* [#10]. Defendant contends that Plaintiff did not timely commence this lawsuit, thus the case should be dismissed. *Id.* at 1-2. Further, Defendant asks that the Court decline to exercise supplemental jurisdiction over any remaining state law claims. *Id.* at 2.

In response, Plaintiff reiterates the allegations in his Complaint that his employment was unjustifiably terminated. *See* [#15] at 4-6. Plaintiff additionally avers that this lawsuit should not be dismissed "without being heard." *See* [#18].

## II. Standard of Review

"[M]otions to dismiss for failure to file a Title VII civil action within the ninety-day filing period should be considered under Rule 12(b)(6)." *Barrett v. Rumsfeld*, 158 F. App'x 89, 91 (10th Cir. 2005) (citation omitted). The Rule 12(b)(6) standard tests "the sufficiency of

the allegations within the four corners of the complaint after taking those allegations as true." *Mobley v. McCormick*, 40 F.3d 337, 340 (10th Cir. 1994). To survive a Rule 12(b)(6) motion, "[t]he complaint must plead sufficient facts, taken as true, to provide 'plausible grounds' that discovery will reveal evidence to support plaintiff's allegations." *Shero v. City of Grove, Okla.*, 510 F.3d 1196, 1200 (10th Cir. 2007) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "[P]lausibility refers to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct, much of it innocent, then the plaintiff[ ] [has] not nudged [his] claims across the line from conceivable to plausible." *Khalik v. United Air Lines*, 671 F.3d 1188, 1191 (10th Cir. 2012) (internal quotations and citations omitted).

Additionally, the Court is cognizant that it must construe the filings of a *pro se* litigant liberally. *See Haines v. Kerner*, 404 U.S. 594, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be the *pro se* litigant's advocate, nor should the Court "supply additional factual allegations to round out [the *pro se* litigant's] complaint or construct a legal theory on [his or her] behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (citing *Hall*, 935 F.2d at 1110). In addition, *pro se* litigants must follow the same procedural rules that govern other litigants. *Nielson v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994).

### III. Analysis

As demonstrated by the Complaint, Plaintiff brings his unlawful termination and retaliation claims pursuant to Title VII. *See* [#1]; *see also Baker v. Blue-Cross Blue Shield of Kan., Inc.*, 128 F. App'x 701 (10th Cir. 2005) (affirming summary judgment in favor of

employer on allegations of unlawful termination and retaliation brought pursuant to Title VII). "Under 42 U.S.C. § 2000e-5(f)(1), a plaintiff must file suit on a Title VII claim within 90 days of receiving a Notice of Right to Sue from the [EEOC]." *Brown v. Agen*, No. 09-cv-02324-REB-KLM, 2010 WL 3733026, at *1 (D. Colo. Sept. 16, 2010). Although the 90-day filing requirement must be strictly construed, it is also subject to waiver, estoppel, and equitable tolling. *Carlson v. King Pontiac GMC*, No. 06-cv-01900-WDM-CBS, 2007 WL 1097865, at *2-3 (D. Colo. Mar. 12, 2007) (rejected on other grounds, 2007 WL 1097862 (D. Colo. Apr. 12, 2007)); *see also Barrett*, 158 F. App'x at 91 (citation omitted) ("Compliance with the filing requirements of Title VII is not a jurisdictional prerequisite, rather it is a condition precedent to suit that functions like a statute of limitations and is subject to waiver, estoppel, and equitable tolling."). When the actual receipt date is unknown (or disputed), the Court must apply a three- or five-day presumption of receipt to the date indicated on the right-to-sue letter. *Lozano v. Ashcroft*, 258 F.3d 1160, 1164-65 (10th Cir. 2001) (citations omitted).

Here, the "Notice of Suit Rights" document included by Plaintiff with his Complaint is dated July 20, 2011.[1] [#1] at 10. The Court adds five days to this date to determine a presumed receipt date of July 25, 2011. Ninety days from July 25, 2011 is October 23, 2011, which was a Sunday; thus, in order to comply with the 90-day filing requirement, Plaintiff must have filed suit on or before October 24, 2011. *See* Fed. R. Civ. P. 6(a)(3)(A) (extending time for filing to first accessible day that is not a Saturday, Sunday, or legal

---

[1] Notably, the "Notice of Suit Rights" includes an emphasized warning that any lawsuit related to the dispute "must be filed WITHIN 90 DAYS of [the] receipt of this notice . . . ." [#1] at 10 (emphasis in original omitted).

holiday). Plaintiff initiated this case on December 6, 2011. *See* [#1]. Plaintiff makes no argument of equitable tolling, waiver, or estoppel, thus the Court finds that Plaintiff filed this lawsuit nearly six weeks out of time. Therefore, the Court recommends that Plaintiff's Title VII claims be dismissed with prejudice as filed outside of the applicable statute of limitations. *See Brown v. Kempthorne*, 190 F. App'x 590, 591 (10th Cir. 2006) (affirming dismissal of untimely Title VII complaint with prejudice ).

To the extent Plaintiff's Complaint may be construed to raise a state law claim (*i.e.* by virtue of Plaintiff's mention of defamation in his request for relief), the Court recommends that the exercise of supplemental jurisdiction over any remaining state law claim be declined. *See Preston v. Capital One Auto Finance, Inc.*, No. 10-cv-0073-ZLW-KLM, 2010 WL 2004697, at *3-4 (D. Colo. May 19, 2010) (noting that where federal claims are dismissed before trial, a federal court should decline to exercise supplemental jurisdiction over remaining state law claims).

## IV. Conclusion

Accordingly,

IT IS RESPECTFULLY **RECOMMENDED** that **Defendant's Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6) and 12(b)(1)** [#10] be **GRANTED**, and Plaintiff's Complaint be **DISMISSED WITH PREJUDICE**.

IT IS FURTHER **ORDERED** that pursuant to Fed. R. Civ. P. 72, the parties shall have fourteen (14) days after service of this Recommendation to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned. A party's failure to serve and file specific, written objections waives de novo

review of the Recommendation by the District Judge, Fed. R. Civ. P. 72(b); *Thomas v. Arn*, 474 U.S. 140, 147-48 (1985), and also waives appellate review of both factual and legal questions. *Makin v. Colo. Dep't of Corr.*, 183 F.3d 1205, 1210 (10th Cir. 1999); *Talley v. Hesse*, 91 F.3d 1411, 1412-13 (10th Cir. 1996).  A party's objections to this Recommendation must be both timely and specific to preserve an issue for de novo review by the District Court or for appellate review.  *United States v. One Parcel of Real Prop.*, 73 F.3d 1057, 1060 (10th Cir. 1996).

Dated July 9, 2012, at Denver, Colorado.

BY THE COURT:

Kristen L. Mix
United States Magistrate Judge