IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Honorable R. Brooke Jackson

Civil Action No. 11-cv-03161-RBJ-KLM


FRANK P. DENETCLAW,

     Plaintiff,

v.

TOTAL LONGTERM CARE,

     Defendant.

---

# ORDER

This matter is before the Court on defendant Total Longterm Care's motion to dismiss. [docket #10].  On July 9, 2012, Magistrate Judge Mix issued a recommendation that the motion be granted.  [#19].  Plaintiff Frank Denetclaw, proceeding *pro se*, filed a timely objection to the Magistrate Judge's recommendation.  [#20].

**Facts**

Mr. Denetclaw is a former employee Total Longterm Care, which provides services to the elderly.  On August 4, 2010 Mr. Denetclaw was driving a company bus and picked up a patient who either fell or slipped out of her wheelchair while on the bus.  Complaint [#1] at 17-18; [#20-1] at 3.  Mr. Denetclaw helped the patient back into her wheelchair, which is against company protocol when a patient falls.  [#1] at 17-18.  On August 8, 2010, Mr. Denetclaw received a written warning for failing to adhere to company safety policies and procedures arising out of this incident.  *Id*. at 17-18.  Defendant maintains that Mr. Denetclaw should have called 911, the clinic, dispatch, or his supervisor when this incident occurred, and that his failure

1

to do so violated company policy.  On August 13, 2010, Mr. Denetclaw was terminated from his employment with Total Longterm Care.  [#20-1] at 13.

Mr. Denetclaw filed a charge of discrimination with Colorado's Division of Civil Rights on December 18, 2010, alleging that he was harassed and ultimately terminated because of his race, Native American, and his sex, male.  See [#20-1] at 13.  The charge was also referred to the EEOC for dual filing purposes on February 7, 2011 and was marked received by the EEOC on February 22, 2011.  *Id*. at 6, 13.

On July 20, 2011, the EEOC mailed a copy of Mr. Denetclaw's "Dismissal and Notice of Rights," which included a "Notice of Suit Rights."  [#1] at 10.  This notice indicated that it would be the only notice of dismissal and right to sue that Mr. Denetclaw would receive, and it specifically noted: "Your lawsuit **must be filed <u>WITHIN 90 DAYS</u> of your receipt of this notice**; or your right to sue based on this charge will be lost."  *Id*. (emphasis in original).  Mr. Denetclaw filed the present action on December 6, 2011, alleging that defendant unlawfully terminated his employment unlawfully in violation of Title VII of the Civil Rights Act of 1964. See Compl. [#1] at 2-6.  He seeks reinstatement, back pay, a written apology from his supervisor, retraction of a statement made by the patient's daughter, and a request that the "defamation of character by daughter and company to be retracted from record."  *Id*. at 6.

Defendant filed a motion to dismiss, arguing that because Mr. Denetclaw failed to bring suit within 90 days of the July 20, 2011 mailing, he failed to state a claim for which relief could be granted.  [#10].  *See Barrett v. Rumsfeld*, 158 F. App'x 89, 91 (10th Cir. 2005) ("[M]otions to dismiss for failure to file a Title VII civil action within the ninety-day filing period should be considered under Rule 12(b)(6).").  To the extent Mr. Denetclaw has alleged any state law claims, defendant asks this Court to decline to exercise supplemental jurisdiction over any

remaining claims.  Magistrate Judge Mix issued a recommendation that the motion be granted in its entirety.  [#19].

**Standard**

Recommendation of the Magistrate Judge

Following the issuance of a magistrate judge's recommendation on a dispositive matter the district court judge must "determine *de novo* any part of the magistrate judge's disposition that has been properly objected to."  Fed. R. Civ. P. 72(b)(3).  The district judge is permitted to "accept, reject, or modify the recommended disposition; receive further instruction; or return the matter to the magistrate with instructions."  *Id.*  To be proper, an objection must be both timely and specific.  *U.S. v. One Parcel of Real Property*, 73 F.3d 1057, 1060 (10th Cir. 1996).  An objection is timely if it is filed within fourteen days of the issuance of the Magistrate's recommendation.  Fed. R. Civ. P. 72(b)(2).  To preserve an issue for *de novo* review, the objection must be specific enough to "focus the district court's attention on the factual and legal issues that are truly in dispute."  *One Parcel*, 73 F.3d at 1060.  The Federal Magistrates Act does not "require any review at all, by either the district court or the court of appeals, of any issue that is not the subject of an objection."  *Thomas v. Arn*, 474 U.S. 140, 149 (1985).

Motion to Dismiss and *Pro Se* Plaintiff

In reviewing a motion to dismiss, the Court must accept the well-pleaded allegations of the complaint as true and construe them in plaintiff's favor.  However, the facts alleged must be enough to state a claim for relief that is plausible, not merely speculative.  *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555, 570 (2007).  A plausible claim is a claim that "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Ashcroft*

*v. Iqbal,* 556 U.S. 662, 129 S. Ct. 1937, 1949 (2009).  Allegations that are purely conclusory

need not be assumed to be true.  *Id.* at 1951.

Because plaintiff represents himself *pro se*, the Court "review[s] his pleadings and other

papers liberally and hold[s] them to a less stringent standard than those drafted by attorneys."

*Trackwell v. United States*, 472 F.3d 1242, 1243 (10th Cir. 2007) (citations omitted).  However,

a *pro se* litigant's "conclusory allegations without supporting factual averments are insufficient to

state a claim on which relief can be based."  *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th

Cir.1991).

**Conclusions**

Magistrate Judge Mix concluded that Mr. Denetclaw failed to file his Title VII complaint

within the required 90 days after receiving the "Notice of Suit Rights," which was mailed on July

20, 2011.  *See Million v. Frank*, 47 F.3d 385, 387 (10th Cir. 1995)(noting that a claimant has 90

days to file a civil action after notification by the EEOC).  Even though July 20 is the date the

notice was mailed, Mr. Denetclaw also lists this date as the date of receipt.  [#1] ¶8.  "When the

receipt date for an EEOC right-to-sue letter is unknown or disputed, federal courts have

presumed various receipt dates ranging from three to seven days after the letter was mailed."

*Lozano v. Ashcroft*, 258 F.3d 1160, 1164 (10th Cir. 2001).  The present case does not require a

detailed analysis of dates.  Even if the Court presumes Mr. Denetclaw did not receive the notice

until five days after mailing, on July, 25, 2011, he would have had until October 24, 2011 to file

suit (adding an extra day because October 23 was a Sunday).  A suit filed on December 6, 2011

is well past this deadline.

Mr. Denetclaw's objection does not address this issue.  Rather, Mr. Denetclaw's

objection appears to be twofold: (1) the Court should consider the merits of the case and require

defendant to present facts that its termination was just; and (2) defendant is "relying on the 'Timely Manner' syndrome" in efforts to thwart his lawsuit, and Mr. Denetclaw has provided evidence "proving that all paperwork was done in a timely manner and hand delivered." Objection [#20] at 1-2.  In support of his position, Mr. Denetclaw has provided this Court with copies of statements he submitted to Colorado's Division of Civil Rights, intake notes from his initial meeting with Colorado's Division of Civil Rights, a copy of his discrimination charge filed with Colorado's Division of Civil Rights and the EEOC, and a copy of the Colorado Supreme Court's denial for a petition of a writ of certiorari.  See [#20-1].

Unfortunately for Mr. Denetclaw, the Court cannot consider the merits of his claim, The exhibits provided do not aid the Court in determining the issue before it: whether or not Mr. Denetclaw can maintain the present action when the EEOC mailed his "Notice of Suit Rights" letter on July 20, 2011 and when he did not file suit until December 6, 2011.  "Compliance with the filing requirements of Title VII is not a jurisdictional prerequisite, rather it is a condition precedent to suit that functions like a statute of limitations and is subject to waiver, estoppel, and equitable tolling."  *Million*¸ 47 F.3d at 389.  *See also Brown v. Agen*, 2010 WL 3733026, at *1 (D. Colo. 2010)("It is well settled that the 90-day period for filing a civil lawsuit after final disposition of a complaint by the EEOC is a requirement that, like a statute of limitations, is subject to waiver, estoppel, and equitable tolling.")(internal quotations omitted).

Mr. Denetclaw has not presented any argument or evidence to suggest that the 90-day filing requirement in his case is subject to waiver, estoppel, or equitable tolling.  Nor can the Court see any reason why one of these doctrines should apply in Mr. Denetclaw's case.  Mr. Denetclaw clearly received the notice, and the 90-day provision is in bold, underlined, and in all

5

capital letters.  As a result, the Court adopts Magistrate Judge Mix's recommendation that defendant's motion to dismiss Mr. Denetclaw's Title VII claims be granted.

Although Mr. Denetclaw's claims for relief all seem to arise out of Title VII, his request for relief suggests possible state law claims relating to defamation.  To the extent Mr. Denetclaw intended to plead state law claims, the Court declines to exercise supplemental jurisdiction.  *See McWilliams v. Jefferson County*, 463 F.3d 1113, 1117 (10th Cir. 2006)("[P]re-trial dismissal of all federal claims, leaving only a state law claim, generally prevents a district court from reviewing the merits of the state law claim.").  *See also Thatcher Enterprises v. Cache County Corp.*, 902 F.2d 1472, 1478 (10th Cir. 1990)("Notions of comity and federalism demand that a state court try its own lawsuits, absent compelling reasons to the contrary.").  As a result, the Court adopts Magistrate Judge Mix's recommendation that this Court decline to exercise supplemental jurisdiction.  If Mr. Denetclaw wishes to pursue state law claims, he will have to do so in state court.

**Order**

The Court adopts the magistrate judge's recommendation [#45].  Accordingly, defendant's motion to dismiss [#10] is granted.  The Title VII claims are dismissed with prejudice.  Any claims pertaining to state law are dismissed without prejudice; the Court declines to take supplemental jurisdiction over those claims in the absence of a federal claim.

DATED this 10th day of September, 2012.

BY THE COURT:

_____

R. Brooke Jackson
United States District Judge

6